726 So.2d 377 (1999)
In the Interest of R.H. and T.H., children.
A.H., Appellant,
v.
State of Florida Department of Children and Families, Appellee.
No. 98-01121
District Court of Appeal of Florida, Second District.
February 10, 1999.
*378 Richard C. Reinhart of Reinhart & Moreland, Bradenton, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Dyann W. Beaty, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
A.H. appeals the final judgment terminating her parental rights to her two children.
The trial court entered a final judgment on April 24, 1997, declaring the children dependent and accepting and approving the case plan prepared by the Florida Department of Children and Families. The mother made minimal efforts to comply with the case plan until she was incarcerated in the county jail on June 19, 1997. The only information we can determine from the record relating to the incarceration is that the mother was sentenced to county jail. Accordingly, the incarceration ground for termination cannot be satisfied in this case. See § 39.464(1)(d), Fla. Stat. (1997). The Department made no referrals for the mother during the period of incarceration. The Department candidly conceded the following in its closing argument: "I think the evidence today was clear that although maybe the counselors, the Department, didn't do the best job they could have done in keeping contact with mother, providing referrals in this case...."
Where, as here, a case plan with the goal of reunification was entered into and a petition for termination of parental rights is filed prior to the time agreed for performance of the plan, the petitioner must prove a material breach of the plan by clear and convincing evidence. See § 39.4611(5), Fla. Stat. (1997).[1] We conclude the Department did not prove a material breach. Further, the mother did not have a reasonable opportunity to comply with the case plan. This case is similar to In the Interest of E.L.H., Jr., 687 So.2d 924, 925 (Fla. 2d DCA 1997), in which this court stated: "Where a court is terminating parental rights based on a parent's failure to comply with a case plan or a performance agreement, it is axiomatic that the parent must have the substantial ability to comply with the plan or agreement."
Accordingly, we reverse and remand with directions that the Department prepare a new case plan within thirty days. Based upon existing circumstances, the Department shall determine whether the new case plan is one for reunification or termination.
ALTENBERND, A.C.J., and SALCINES, J., Concur.
NOTES
[1] We view this statute as also allowing the Department to move to terminate parental rights prior to the time for performance of the plan, if factual circumstances not present at the time of the case plan warrant termination.